No. 39,491

Eva Mercer Gilham, *Appellant,* v. Equitable Life Assurance Society of the United States, Inc., *Appellee.*

(276 P. 2d 312)

Opinion filed November 13, 1954.

*Pat Warnick, Henry E. Martz,* and *Alan B. Phares,* all of Wichita, were on the briefs for the appellant.

*Richard W. Stavely,* of Wichita, argued the cause, and *W. F. Lilleston, George C. Spradling, Henry V. Gott, George Stallwitz,* and *Ralph M. Hope,* all of Wichita, were with him on the briefs for the appellee.

The opinion of the court was delivered by

Wertz, J.: This is an appeal from an order of the trial court sustaining defendant's demurrer to plaintiff's petition on the ground it failed to state a cause of action.

Appellant Eva Mercer Gilham will be hereinafter referred to as plaintiff, and appellee Equitable Life Assurance Society as defendant.

Plaintiff's petition alleged, in substance, that she was the owner of certain described real estate upon which was situated a large apartment building. This property was subject to a substantial mortgage held by the defendant. The mortgage was made a part of the petition. Plaintiff, in making her payments, as provided by the mortgage, had accumulated a reserve fund in the hands of the defendant for the purpose of meeting the various charges as they became due and payable, such as taxes, insurance, special assessments, etc. On October 10, 1951, she and her husband entered into a written contract with Nicholas and Mary E. Brown, under the terms of which they agreed to sell and convey their equity in the real estate in question to the Browns for a stated consideration, the Browns agreeing to assume the outstanding loan on the real estate, and that all rentals, insurance and interest, if any, would be adjusted

and prorated as of the date of the closing of the transaction. Time was made the essence of the contract which provided that the transaction should be consummated on or before November 1, 1951.

Plaintiff alleged that both parties to the sale wished to know the amount of reserves held by defendant for the reason that in the event the buyer received the reserves, the sale price would be increased accordingly. The defendant, in response to a letter from plaintiff dated November 7, 1951, advised her that the reserves amounted to $5,445.99, and so far as its records were concerned, these reserves were brought about through payment of funds received from her, and they represented her funds which had accumulated for the purpose of meeting various charges as they became due and payable. Again, the defendant, in response to plaintiff's second inquiry, advised her by letter dated November 27, 1951, that the reserves on hand as of December 1, 1951, were in the sum of $5,793.89. Both plaintiff and the Browns relied upon the information and since the reserves were in a substantial sum, a dispute arose between them as to the ownership of the reserves and to whom they should be assigned, it being the contention of the Browns that they should have the benefit of the reserves without paying therefor. The parties were unable to agree and the sale was never consummated. She further alleged that had the correct information been furnished her by defendant, there would have been no occasion for a dispute, and the sale would have been consummated under the contract, since the reserves on hand were in fact considerably less than $1,000.

Paragraph 5 of the petition reads:

"5. The information given the plaintiff by the defendant as to the amount of the reserves was information reasonably within the contemplation of the parties hereto in the event a sale of the plaintiff's property was had, specific reference being made in said notes, mortgages and the Consolidation Agreement to such reserves. And in this connection, the defendant should and could have foreseen that erroneous information as to the reserves on hand would preclude the consummation of the sale of the plaintiff's property. The defendant should and could have foreseen that the plaintiff would sustain damages in the event erroneous information was given regarding the amount of cash reserves in connection with its Loan E 2328."

She further alleged that as a direct and proximate result of defendant's negligence in furnishing her with misinformation as to the amount of the reserves on hand, the plaintiff sustained damages for which she seeks recovery.

The question presented here is whether, under the facts stated in the petition, the trial court erred in sustaining defendant's demurrer to the plaintiff's petition. We think not.

Plaintiff's action is based upon negligence of the defendant in furnishing her misinformation on November 7, as to the amount of reserves on hand to the plaintiff's credit. In order to maintain an action based upon negligence, the petition must show the existence of some duty which defendant owed plaintiff, and must allege a breach of that duty. This, plaintiff failed to do. It must be remembered that the defendant was not a party to the contract between plaintiff and the Browns. The relationship of plaintiff and the defendant was that of mortgagor and mortgagee. The contract between plaintiff and the Browns contained no provision with reference to the reserves. It was a simple contract whereby plaintiff would sell and the Browns would buy the property at a stipulated price, and that all rentals, insurance and interest would be adjusted and prorated as of the date of closing the transaction. The binding contract was concluded between the parties on October 10, and no term of that contract was left open for future agreement. Therefore, when the information was supplied by defendant a month later, it could not affect the negotiations of the contract. The reserves were the property of plaintiff, and she was free to contract for their disposition as she desired. It must be remembered that plaintiff alleged the parties failed to consummate the sale, not over the amount of the reserves but on the question who was to receive them. The fact that they failed to agree could not be the fault of defendant. If plaintiff chose to assign the reserve fund and increase the sale price accordingly, as alleged, the parties could have easily provided for such disposition in their contract. When all is said and done, what happened to the reserves afforded no basis of any kind or character for breach of the contract. Therefore, it cannot be said that any statement made by defendant with respect thereto gave rise to any ground for damages.

It follows the judgment is affirmed.